# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
v. ) ID No. 2105000955
)
STEVEN JACKSON, )
)
Defendant. )

*Upon Consideration of:*

*Motion for Postconviction Relief-**DENIED***
*Motion for Appointment of Counsel-**DENIED***

## ORDER

This 13th day of December 2023, the Court hereby finds:

1. Defendant has filed a motion for relief under Super. Ct. Crim. R. 61. One of the claims is that counsel did not advise him of the time limit within which to file a request for relief under Super. Ct. Crim. R. 35. So, in some sense, this is a "twofer."

2. The Defendant pled guilty on May 25, 2022, to Reckless Endangering 2nd degree and Possession of a Firearm by a Person Prohibited ("PFBPP"). By agreement, and because the plea called for a minimum mandatory sentence for which the parties had bargained, he was sentenced immediately to ten years in prison, followed by probation.

1

3.      A Rule 35 motion must be filed within 90 days of the imposition of sentence.[1]  This one is late.  Had "effective" counsel advised the Defendant of the need to file within 90 days, however, it would not matter.  Defendant was sentenced to a minimum mandatory sentence and, by operation of the statute, the Court is powerless to impose a sentence of less than 10 years.  His sentence would not/could not be modified downward regardless of when he filed a Rule 35 motion.  Counsel cannot be found ineffective for failing to give worthless advice.

4.      A Rule 61 motion must be filed within 1 year of the date the decision became final.[2]  This sentence was not appealed, so the date of sentence – May 25, 2022 – was the date of finality.  A Rule 61 motion needed to be filed no later than May 25, 2023.  This one was filed on September 5, 2023, too late.  It may not be considered.

5.      The Court has reviewed the rest of the motion.  It is a creative reference to *Range v. Attorney General*,[3] a case involving the constitutionality of a federal felon in possession statute.  That case, if and when it or a similar one reaches the U.S. Supreme Court, may or may not have implications for Defendant's sentence.  But a federal circuit court decision on federal statutes does not directly impact the legality or constitutionality of Delaware's PFBPP statute.  Should Delaware's statute

---

[1] Super. Ct. Crim. R. 35(b).
[2] Super. Ct. Crim. R. 61(i)(1).
[3] 69 F.4th 96 (3d Cir. 2023).

be struck down as violative of the Second Amendment, and should such a decision be given retroactive application, Defendant may have an avenue under Rule 61 to come back to Court and seek relief.[4] Until then, the motion(s) must be denied.

6. The Defendant also filed a concurrent motion for the appointment of counsel to represent him on his Rule 61 motion. Requests for appointment of counsel are governed by Rule 61(e)(3). That rule dictates that appointment of counsel for first postconviction motions in guilty plea cases are to be made only if the judge determines that:

(i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable;

(ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty or nolo contendere;

(iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and

(iv) specific exceptional circumstances warrant the appointment of counsel.[5]

Having reviewed Defendant's claims as aforesaid, they meet none of the criteria necessary for the appointment of counsel and the Court therefore declines to do so.

**IT IS SO ORDERED**.

/s/ Charles E. Butler
Charles E. Butler, Resident Judge

---

[4] Super. Ct. Crim. R. 61(d)(2)(ii).
[5] Super. Ct. Crim. R. 61(e)(3).

3